IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  02: 08 -cr-365-15 |
| | ) |
| LEON CHAMP HUDSON, | ) |

### ORDER OF COURT

Presently before the Court is the MOTION TO REMOVE COURT APPOINTED ATTORNEY [SALLY A. FRICK] filed *pro se* by Defendant Leon Champ Hudson (Document No. 644) and the RESPONSE filed by Attorney Sally A. Frick (Document No. 656). For the reasons that follow, the Motion is denied without prejudice. After careful consideration, the Court finds that Defendant's requests to have Attorney Frick removed and to be allowed to have "co-counsel representation in a 'hybrid capacity' with any new counsel appointed" are without merit and will be denied. Likewise, his request for a *Faretta* hearing also will be denied.

Defendant argues that his attorney "has repeatedly ignored [his] family and their inquir[ies]" and he seeks "co-counsel representation in a 'hybrid capacity' with any new counsel appointed pursuant to the Criminal Justice Act, and a Faretta hearing forthwith." Mot. at 1.

In response to Defendant's Motion, the Court ordered Attorney Frick to respond to Defendant's *pro se* motion. In a detailed filing, Attorney Frick explained that she in receipt of voluminous Rule 16 discovery material "and additional materials" produced by the government, that she has explained the discovery process to the Defendant and members of his family, and that by letter to Defendant dated March 23, 2009, she sent Defendant "a copy of the indictment, a copy of the Court Order regulating dissemination of discovery materials, [ ] a copy of the

1

Defendant's prior criminal record . . . [and] information that counsel had just received additional materials and listed, for the Defendant, the dates and amounts and types of controlled substances that the government alleges in the substantive counts of the indictment." Counsel also again informed Defendant that lists of phone calls and surveillance records would be made available to him once counsel had reviewed same.

A defendant has a right to be represented by counsel, *Gideon v. Wainwright,* 372 U.S. 335, 344-45 (1963), or to proceed *pro se. Faretta v. California,* 422 U.S. 806, 819-20 (1975). However, a criminal defendant does not have a right to "hybrid representation;" he does not have the right to simultaneously be represented by counsel and appear *pro se. McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (holding that a "defendant does not have a constitutional right to choreograph special appearances by counsel"). As the United States Court of Appeals for the Third Circuit has enunciated, the Sixth Amendment does not "require a trial court to allow hybrid representation in which defendant and attorney essentially serve as co-counsel." *United States v. Schwyhart*, 123 Fed. App'x 62, 68 (3d Cir. 2005) (*citing McKaskle*, 465 U.S. at 183).

The Court finds that Attorney Frick is well qualified and has no reason no doubt that she has and will continue to ably and diligently advance Defendant's interests throughout this prosecution. While Defendant has asserted his "Speedy Trial Rights," the Court notes that this criminal prosecution is in the early stages, and at the unified request of virtually all of the defendants, the filing deadline for pre-trial motions is not until June 1, 2009. The Speedy Trial Act's excludable periods for the resolution of pretrial motions apply to all defendants in a multi-defendant case, regardless of whether all of them joined in the pretrial motions filed. 18 U.S.C. §

3161(h)(7). Neither this co-defendant, nor his attorney, are entitled to individualized trials in a multi-defendant case absent severance, which is unlikely here.

No doubt, much of Defendant's frustration lies in the fact that he is currently incarcerated in Northeast Ohio Correctional Center in Youngstown, Ohio, which makes the logistics of conferring with his attorney difficult. With that said, however, it appears that Attorney Frick has shared discovery information with her client and she is strongly encouraged to visit him in person and continue to make every effort to share discovery information and case developments with her client.

For these reasons, Defendant's Motion is **DENIED** without prejudice.

So **ORDERED** this 10th day of April, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Troy Rivetti,
Assistant U.S. Attorney
Email: Troy.Rivetti@usdoj.gov

Craig W. Haller,
Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Sally A. Frick, Esquire
safattyusa@netscape.net

Leon Champ Hudson
Reg. No. 30252068
N.E.O.C.C.
2240 Hubbard Road
Youngstown, OH 44505